UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SHELLY L. MARKLE,

    Plaintiff,

    v.    Case No. 2:16-cv-470-JVB-PRC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

Plaintiff Shelly L. Markle seeks judicial review of the Social Security Commissioner's decision denying her disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on February 28, 2013. (R. at 10.) Plaintiff previously worked as a special-education matron, but has not worked since 2013. (R. at 38.) The Administrative Law Judge ("ALJ") found that Plaintiff suffered from multiple severe conditions (R. at 12.), but the ALJ found that she could not perform past relevant work as a child care attendant. (R. at 21.) The ALJ also concluded that she could perform light work with some limitations. (R. at 15–16.) Therefore, the ALJ denied her benefits. (R. at 23.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.) Plaintiff's date last insured is December 31, 2017. (R. at 12.)

**B.      Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

**C.      Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.      Analysis**

Plaintiff argues that the ALJ erred in finding that she was not disabled. Specifically, Plaintiff argues that the ALJ erred in finding that she is capable of performing light work given the limitations the ALJ assigned to her.

**(1)** *The ALJ Must Determine Which "Grid Rule" Scenario Plaintiff More Closely Meets*

Agency regulations provide tables of different scenarios, commonly called "grid rules." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 200.00(a). These scenarios consist of different combinations of exertional limitations, ages, education levels, and previous work experiences. *Id.* If any of these scenarios is exactly met, then the regulation determines whether the ALJ must find the plaintiff disabled or not disabled. *Id.* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.12. If the plaintiff is caught between two scenarios that require different outcomes, then an ALJ should determine which scenario is more closely met. POMS DI 25025.015(D). An ALJ should rely on a Vocational Expert ("VE") when necessary and should always explain how he reached his conclusion. *Id.*

In this case, Plaintiff is considered "closely approaching advanced age," has a high-school education, and only has unskilled previous work experience. (R. at 21.) Based on these factors, if Plaintiff is fully capable of performing light work, then she meets a "not disabled" scenario. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 202.13. If she is completely limited to sedentary work, then the meets a "disabled" scenario. *Id.* at Rule 201.12.

Plaintiff's limitations fall somewhere between light and sedentary work. Light work requires Plaintiff to be able to lift 20 pounds, frequently lift 10 pounts, and stand or walk for six hours out of an eight-hour work-day. SSR 83-10, 1983 SSR LEXIS 30 at *13–14. Plaintiff meets the lifting requirements, but not the standing or walking requirements. (R. at 15–16.) In other words, Plaintiff is not quite capable of fully performing light work, but is not quite limited to sedentary work, thus trapping Plaintiff between two scenarios.

In his opinion, the ALJ focused only on Rule 202.13, finding that Plaintiff fell somewhere under that rule. (R. at 22.) However, the ALJ did not reference Rule 201.12, nor did he consider which Rule Plaintiff more closely met. The ALJ should do so on remand.

**(2)** *The ALJ Must Determine Whether the "Seated Light Work" Exception Applies*

When a plaintiff's situation does not exactly match any of the "grid rule" scenarios, an ALJ should ask a VE what jobs the plaintiff can perform given her limitations. *Haynes v. Barnhart*, 416 F.3d 621, 629 (7th Cir. 2005). If the ALJ decides that the plaintiff is not disabled, then the ALJ must note in his opinion which jobs the plaintiff can perform. *Id.* Here, the ALJ, relying on VE testimony, found that Plaintiff could perform the requirements of Packer, Inspector, and Assembler. (R. at 22.) Plaintiff does not dispute that she can perform these jobs, but argues that they are sedentary, rather than light-work jobs. If no light-work jobs exist that Plaintiff can perform, then Plaintiff would be effectively limited to sedentary work, strongly suggesting, if not confirming, that Plaintiff so closely meets Rule 201.12 that Plaintiff is disabled. The record, however, must be further developed to make this determination.

The main difference between sedentary and light work is the latter's "stand/walk for six hours a day" requirement, which Plaintiff does not meet. SSR 83-10, 1983 SSR LEXIS 30 at *13. Yet, a few light-work jobs exist that do not require as much standing and walking. These jobs instead require "pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work." SSR 83-10, 1983 SSR LEXIS 30 at *14.

The ALJ must determine whether the Packer, Inspector, or Assembler jobs meet the "seated light work" exception. Plaintiff claims that Inspector is actually a sedentary job, which the Commissioner does not dispute. (Def.'s Resp. at 10.) Furthermore, Assembler does not

4

appear to require arm-hand or leg-foot controls. DOT # 706.684-022. Packer requires depressing a pedal, but the job description does not indicate the level of exertion required to use the pedal. DOT # 732.685-034. On remand, the ALJ must determine whether these jobs require arm-hand or leg-foot controls, and, if so, whether using such controls requires greater exertion than sedentary work. VE testimony will be essential in making these determinations.

**(3)** *The ALJ Must Apply the Agency Version of the "Seated Light Work" Exception*

The Dictionary of Occupational Titles ("DOT") also contains a "seated light work" exception, but it differs slightly from the Agency version. DOT # 732.685-034. The DOT version requires "pushing and/or pulling of arm or leg controls," but does not mention a required level of exertion. *Id.* The Agency regulations, in contrast, require that the controls demand "greater exertion than in sedentary work." SSR 83-10, 1983 SSR LEXIS 30 at *14.

Relying on the DOT's classifications and the VE's testimony, the ALJ determined that Plaintiff could perform light work. However, when the DOT and Agency regulations are inconsistent, the ALJ must accept the conclusion directed by Agency regulations. SSR 00-4p, 2000 SSR LEXIS 8 at *6. For instance, if a job would be light work under DOT standards but sedentary work under Agency regulations, then the latter controls. *Id.* at *7. The ALJ, on remand, must ensure that the jobs Plaintiff can perform are classified using Agency, not DOT, standards.

**(4)** **Plaintiff did not Waiver Her Right to Challenge DOT-Agency Inconsistencies**

The Commissioner argues that Plaintiff cannot attack the ALJ's reliance on the VE testimony because, at the hearing, Plaintiff declined to challenge the VE testimony. (Def.'s Resp.

at 11.) True, the ALJ is entitled to rely on uncontradicted VE testimony, but this testimony must be "otherwise proper." *Liskowitz v. Astrue*, 559 F.3d 736, 746 (7th Cir. 2009). An ALJ cannot rely on VE testimony if it is "based on underlying assumptions or definitions that are inconsistent with [Agency] policies or definitions." SSR 00-4p, 2000 SSR LEXIS 8 at *6. If the VE determined that the "seated light work" exception was met with the use of a leg-foot control that required no greater exertion than sedentary work, then the testimony is unreliable and improper. If so, then the ALJ has no discretion - he cannot accept this testimony. The ALJ must determine which version of the exception the VE applied.

The Commissioner, in arguing that Plaintiff waived this issue, cites *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002), and *McKinnie v. Barnhart*, 368 F.3d 907, 911 (7th Cir. 2004). However, the first case addresses the plaintiff's failure to challenge, until appeal, an inconsistency between the VE testimony and the DOT. *Donahue*, 279 F.3d at 446–47. In the second case, the plaintiff disputed the VE's claims that he could perform certain jobs and that there were substantial amounts of those jobs available. *McKinnie*, 368 F.3dd at 911. Neither of these cases applies in a situation where the plaintiff alleges an inconsistency between VE testimony and Agency regulations. Plaintiff did not waive that issue.

### E.    Conclusion

The ALJ failed to determine whether the Plaintiff's situation more closely resembled Rule 201.12 or 202.13. The ALJ also failed to determine whether the jobs Plaintiff can perform meet the Agency version of the "seated light work" exception. Accordingly, this Court remands the ALJ's decision.

SO ORDERED on June 28, 2018.

                                              S/ Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN
                                              UNITED STATES DISTRICT JUDGE